IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2255-BO

| | | |
|---|---|---|
| JORGE J. SOLANO-MORETA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| D.R. STEPHENS, | ) | |
| Respondent. | ) | |

Jorge J. Solano-Moreta ("Solano-Moreta" or "petitioner") petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E.1]. Respondent filed a motion to dismiss or in the alternative for summary judgment [D.E. 9]. Petitioner responded [D.E. 17], and the matter is ripe for determination.

Petition brings this habeas petition to challenge a 2010 disciplinary hearing [D.E.1 and 17]. He claims the disciplinary proceedings violated his constitutional rights. Id. When petitioner filed this action, he was an inmate in custody at the Federal Correctional Institution II in Butner, North Carolina, id., but has since been transferred to another federal institution [D.E. 16 and 18]. He is serving a 540-month federal term of imprisonment for Continuing Criminal Enterprise, Use and Carry of a Firearm in Relation to a Crime of Violence, and Aiding and Abetting. D.E. 11, Declaration of Cornelia Coll, ¶ 4. He is scheduled for a projected release of June 18, 2035, after inclusion of good conduct time release. Id..

On April 10, 2010, petitioner was cited for a disciplinary incident. Id., ¶ 10. The incident report charged petitioner with a Code 203 prohibited act of threatening another with bodily harm. Id. The incident was investigated, and on April 11, 2010, petitioner was given a copy of the

incident report. Id. On April 12, 2010, petitioner was provided with notice of the disciplinary hearing to be held and his rights regarding the same. Id., ¶ 12. On April 18, 2010, Officer Miranda agreed to serve as the staff representative for petitioner. Id. Due to a scheduling conflict, petitioner's representative was changed to E. Claney. Id.

On May 28, 2010, a disciplinary hearing was convened. Id., ¶ 13. During the course of the hearing, petitioner was removed from the hearing. Id., Attach. 6, at 8. Petitioner argues that it was unjustified and all he was attempting to do was request the presence of the available witnesses. D.E. 1, Pet. at 3 and D.E. 17, Response at 2. The Discipline Hearing Officer ("DHO") considered the incident report; the investigation conducted by staff; memoranda provided by several staff members, including petitioner's requested staff witnesses; and statements provided by petitioner's requested inmate witnesses. Coll Decl., Attach. 6, at 8-10.

Given the evidence presented, the DHO found petitioner committed the prohibited act. As a result, petitioner was given the disallowance of 27 days[1] of Good Conduct Time, 30 days of disciplinary segregation; 90 days loss of commissary privileges, 90 day loss of telephone privileges, 90 day loss of visiting privileges, and 90 day loss of e-mail privileges. Id. Petitioner was notified of his appeal rights, id., and received written notice of the DHO's report on, or about, November 2, 2010. Petition, Attachment at 11.

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment, Fed. R. Civ. P. 12(d), and plaintiff was notified of the

---

[1]Petitioner contends the incident report and sanctions should be expunged from his record, and he should have 54 days of Good Conduct Time reinstated. However, the DHO Report represents that only 27 days of Good Conduct Time were disallowed. See Coll Decl., Attachment 6, at 10; see also, Coll Decl., Attachment 4, at 1 (showing only 27 days of Good Conduct Time having been disallowed for the period of June 4, 2009, through June 3, 2010).

same [D.E. 12]. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

While respondent argues that the matter has not been fully exhausted, the court will not consider this defense, but review the merits of the petition.

When the loss of good-time credit is at issue, an inmate is entitled: (1) to written notice of the charges at least twenty-four hours in advance of the hearing; (2) to a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974). To comport with due process, DHO findings which revoke a prisoner's good-time credits must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454–56 (1985). "Ascertaining whether this standard is satisfied does not

require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

To the extent petitioner argues that the disciplinary proceedings failed to comply with Wolff, the claim fails. Petitioner does not allege that the disciplinary process in his case lacked any of the elements required by Wolff. Petitioner was provided with a written copy of his rights at the discipline hearing; petitioner had ample notice of the charges against him; petitioner received a written notice of the DHO's findings; petitioner requested staff and inmate witnesses, and statements from them were presented to and considered by the DHO; and petitioner raised no issue with respect to the partiality of the DHO.

Specifically, petitioner contends that his expulsion from the DHO hearing was unwarranted, and constituted a violation of his due process rights. Title 28 C.F.R. § 541.17(d) (2010) provides that "[a]n inmate has the right to be present throughout the DHO hearing except during a period of deliberation or when institutional security would be jeopardized. The DHO must document in the record the reason(s) for excluding an inmate from the hearing." 28 C.F.R. §541.17(d) (2010).

The DHO's report states the following:

> Inmate Solano-Moreta neither admitted nor denied the charge as he became disruptive and argumentative as the DHO was attempting to verify requested witnesses and determine the testimony of the witnesses. The DHO asked inmate Solano-Moreta numerous times to be quiet and stop interrupting in order to ascertain the aforementioned information. The inmate continued to become louder and talk over the DHO in an agitated manner. His demeanor was escalating to the point where the DHO believed he may be a threat to the safety of the staff in the hearing room. The staff representative attempted to calm him and he still continued with his disruptive behavior and was subsequently removed from the hearing at which time he stated, "I am going to sue you."

Coll Decl., Attach. 6, at 8 (Discipline hearing Officer Report). The record shows that DHO documented petitioner's behavior, the actions taken in response to his behavior, and the reason for his subsequent exclusion from the hearing. The DHO's statement is further supported by petitioner's staff representative and two other staff members, all of whom were present at the hearing. Id., Attach. 6, at 9-10. Petitioner's ability to present a defense was not impacted by his exclusion from the DHO hearing as petitioner had a staff representative who met with him, reviewed the materials, interviewed the witnesses or received statements from those witnesses, and reviewed the videotape, as requested by petitioner. Id., Attach. 6, at 8-10. Petitioner requested staff and inmate witnesses to appear or present written statements, and this occurred. Id. Petitioner's own behavior resulted in his exclusion from the DHO hearing, and his exclusion was ordered only after repeated attempts to calm him. Petitioner's due process rights were not violated by his exclusion from the DHO hearing.

Likewise, it is clear from the record before the court that the evidence presented to the hearing officer represented the requisite threshold of "some evidence" on the charge of threatening another with bodily harm. Specifically, there is some evidence in the records that on April 10, 2010, at approximately 7:30 p.m., a staff officer was passing out supplies and after petitioner asked the officer if he was going to the law library that night, the officer responded in the negative, and petitioner threatened him. Id.

Accordingly, the court rejects petitioner's claim that his due process rights were violated in the disciplinary proceedings. Respondent's motion for summary judgment is GRANTED [D.E. 9] and the case is closed. Having so determined, all other pending motions [D.E. 4] are DENIED as MOOT.

5

SO ORDERED, this 26 day of February 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE